UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.J.E.H., <br><br> Petitioner, <br><br> v. <br><br> MINGA WOFFORD, et al., <br><br> Respondents. | No. 1:25-cv-01953-DAD-SCR <br><br> ORDER GRANTING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO PROCEED UNDER PSEUDONYM <br><br> (Doc. Nos. 2, 3) |

This matter is before the court on petitioner's motion for temporary restraining order and motion to proceed under pseudonym filed on December 19, 2025. (Doc. Nos. 2, 3.) On December 21, 2025, the court ordered respondents to file an opposition to the pending motions no later than 5:00 PM on December 23, 2025 and to address therein whether there are any facts in this case which distinguish it from *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases decided by the undersigned. (Doc. No. 5.)

/////

/////

/////

/////

1

On December 23, 2025 at 1:02 PM, respondents filed their opposition to petitioner's pending motion.[1] (Doc. No. 8.) Respondents concede that this case "is in the same posture as *Ayala Cajina*[.]" (*Id.* at 2.) Accordingly, the court incorporates its prior reasoning in that case herein and will grant petitioner's motion for temporary restraining order.

As to petitioner's motion to proceed under pseudonym, petitioner argues that he is currently seeking asylum and that disclosure of his identity could cause retaliation against him or his family. (Doc. No. 3 at 4–5.) The court finds its prior reasoning in *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221, at *5–6 (E.D. Cal. Dec. 4, 2025) pertinent in this regard and incorporates that reasoning herein. Accordingly, the court will grant petitioner's motion to proceed under pseudonym at this stage in the litigation, without prejudice to respondents filing a future motion to revoke such protection.

For the reasons above,

   1.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is GRANTED as follows:

---

[1] In their opposition, respondents request that the court consider expanding briefing schedules for "any future immigration detention case[]" to five business days because of the logistical difficulties faced in responding to emergency briefing. (Doc. No. 8 at 1 n.1.) Respondents do not explicitly request any relief pertinent to this action. While the court understands respondents' position, "[f]reedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Moreover, "the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (cleaned up) (discussing the particular harms that emerge from immigration detention, particularly in light of "subpar medical and psychiatric care in ICE detention facilities"). Additionally, respondents concede that the posture of this case is the same as *Ayala Cajina*, 2025 WL 3251083, where the undersigned found that the petitioner had a constitutional interest in their continued release and ordered that the respondents immediately release that petitioner. (Doc. No. 8 at 2.) It is unclear why respondents would require additional time in the present case based on this concession. Certainly, the flood of motions for temporary restraining orders over the last thirty days or more in cases similar to this one has placed a great burden on counsel and a tremendous strain on the court. However, this emergency is entirely one of respondents' own creation in choosing to arrest and detain individuals, like petitioner here, who have been in this country for years apparently abiding by all conditions of release imposed upon them by immigration officials. (*See* Doc. No. 2-3 at ¶¶ 2–3.) Therefore, to the extent that respondents are requesting an extension to file a supplemental opposition in this action, the court rejects that request. Moreover, the undersigned is inclined to continue to impose the same briefing schedule in all similar cases and to resolve such motions as promptly as possible even though the other work of this court may be delayed as a result.

      a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his detention on September 30, 2025;

      b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk;

2. The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of entry of this order; and

3. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: **December 23, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3